**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neuromechanical, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Kiro Kids Pty. Ltd., an Australian proprietary limited company; Neil J. Davies, an individual,<br><br>Defendants. | No. CV-10-1068-PHX-GMS<br><br>**ORDER** |

Pending before this Court are a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13) filed by Defendants Kiro Kids Pty. Ltd. ("Kiro Kids") and Neil Davies, and a Motion for Jurisdictional Discovery or a Change of Venue (Doc. 16) filed by Plaintiff Neuromechanical Innovations, LLC ("NMI"). For the reasons provided below, the Court grants Defendants' Motion to Dismiss, and denies Plaintiff's Motion for Jurisdictional Discovery or Change of Venue.

**BACKGROUND**

Plaintiff NMI is an Arizona company that conducts educational seminars in the field of chiropractic care for health care professionals and students. (Doc. 1). Plaintiff's Complaint asserts that NMI, or its predecessor, has been advertising and offering its goods and services since December 2000. NMI has applied for and received federal registrations for

1 approximately a dozen marks, including its "NEUROMECHANICAL" logo mark and 2 several "impulse" marks. Plaintiff asserts that those marks have "acquired a high degree of 3 recognition" in the field of chiropractic care.

4 Defendant Kiro Kids is a company, with its principal place of business in Victoria, 5 Australia, which operates four chiropractic clinics in Australia. (Doc. 13). Davies, founder 6 and Co-Director of Kiro Kids, organizes seminars and conferences on clinical chiropractic 7 pediatrics. Plaintiff asserts that Defendants are using a "Neuroimpulse" logo mark in the 8 United States that is likely to be confused with Plaintiff's federally registered marks. (Doc. 9 1). NMI also contends that Defendants are marketing their seminars and products using the 10 "Neuroimpulse" mark to existing and potential customers of NMI. Although NMI does not 11 assert that Defendants have conducted seminars in Arizona or sold products to Arizona 12 residents, it argues that Defendants are attempting to cultivate a market in Arizona.

13 It appears that after receiving an email from Dynamic Chiropractic, an online national 14 trade journal, which included an advertisement for Defendants' chiropractic seminar in 15 Philadelphia, Plaintiff brought this action, raising claims of trademark/service mark 16 infringement, trademark dilution, trade dress infringement, and unfair competition. 17 Defendants move to dismiss Plaintiff's Complaint for lack of personal jurisdiction, pursuant 18 to Federal Rule of Civil Procedure 12(b)(2). (Doc. 13).

19 **DISCUSSION**
20 **1.     Personal Jurisdiction**

21 In a motion to dismiss for lack of jurisdiction, the "party seeking to invoke the court's 22 jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 23 F.2d 925, 927 (9th Cir. 1986).  Because the Court is resolving the motion to dismiss without 24 holding an evidentiary hearing, Plaintiff "need make only a prima facie showing of 25 jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 26 1498 (9th Cir. 1995); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 27 (9th Cir. 2004). That is, Plaintiff "need only demonstrate facts that if true would support 28 jurisdiction over [Defendants]. *Ballard*, 65 F.3d at 1498.

1    Plaintiff asserts that Defendants' advertisements in a national trade journal, which
2 Plaintiff describes as Defendants' advertising agent, sent to subscribers in Arizona, supports
3 personal jurisdiction in this case. Alternatively, Plaintiff contends that it may bring its claims
4 in any forum in the United States under Federal Rule of Civil Procedure 4(k)(2). Plaintiff
5 does not contend that Defendants' contacts with Arizona would support the exercise of
6 general jurisdiction, and therefore, the Court will turn to the other bases raised by Plaintiff
7 for personal jurisdiction.

    **a.    Specific Jurisdiction**

"Where, as here, there is no applicable federal statute governing personal jurisdiction the district court applies the law of the state in which the district sits." *Schwarzenegger*, 374 F.3d at 800 (citing FED. R. CIV. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Because Arizona's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under Arizona law and federal due process are the same. *See* ARIZ. R. CIV. P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

"The due process clause of the Fourteenth Amendment requires that the defendant must have minimum contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In the Ninth Circuit, specific jurisdiction may be exercised only if: (1) the defendant purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)). If Plaintiff succeeds in establishing the first two elements of this test, the burden shifts to Defendants to "'present a compelling case' that the exercise of jurisdiction would not be

- 3 -

1 reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). The Ninth Circuit has noted that "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

### i. **Purposeful Direction**

It has long been established, that to assert specific jurisdiction, there must be in each case "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). More recently, however, the Supreme Court held that a court may also have specific jurisdiction over a defendant where the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 788–90 (1984). "A purposeful direction analysis, [rather than a purposeful availment analysis], is most often used in suits sounding in tort." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Schwarzenegger*, 374 F.3d at 802). Because the underlying action, trademark infringement, sounds in tort, *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 720 (9th Cir. 2004), a purposeful direction analysis applies to this case.

Courts evaluate purposeful direction using the *Calder* "effects test." *See Brayton Purcell*, 606 F.3d at 1128. Under the "effects test," the defendant must allegedly have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). All three elements of the test must be satisfied. *Schwarzenegger*, 374 F.3d at 805. The Ninth Circuit has cautioned that "a foreign act with foreseeable effects in the forum state [does not always give] rise to specific jurisdiction." *Bancroft*, 223 F.3d at 1087. The question is whether Defendants' actions–advertising their services in a national trade journal–targeted Arizona. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156–57 (9th Cir. 2006) (finding no specific personal jurisdiction where defendant's actions lack "individualized targeting" at the forum state).

- 4 -

Plaintiff asserts that few chiropractors specialize in chiropractic adjustments and produce educational materials on the topic. Thus, Defendants' use of "infringing materials . . . to directly email and advertise to other chiropractors, places Defendants in 'direct competition' with Plaintiff" and establishes that Defendants' conduct was expressly aimed at Arizona. (Doc. 16). After reviewing the emails provided by Plaintiff, it is clear that Defendants did not "directly" send emails to anyone in Arizona. It appears from the emails provided by Plaintiff that Dynamic Chiropractic, an online journal that provides chiropractic news and other information to its subscribers, has a listserv, entitled Dynamic Chiropractic Deals & Events, the members of which receive email advertisements. (Doc. 16, Ex. A-E). Those Deals & Events emails, which Plaintiff admits were distributed nationwide, each contained a number of advertisements, including Defendants' advertisement that specifically promoted a seminar in Philadelphia. Such nation-wide advertisements do not constitute "individualized targeting" by the Defendants. *See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) ("We have previously held that evidence of mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 43 (8th Cir. 1988) (holding that advertisements in a national publication alone did not subject party to specific jurisdiction in Minnesota because the advertising was not aimed at Minnesota); *see also Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1341 (8th Cir. 1983); *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379–80 (9th Cir. 1981) (noting that the Ninth Circuit has previously rejected claim of specific jurisdiction based on advertisement of products in national periodicals); *Charia v. Cigarette Racing Team, Inc.*, 583 F.2d 184, 187 (5th Cir. 1978) (noting that absent other direct contacts with the forum state, "merely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes" (internal quotations omitted )); *Alsop v. Carolina Custom Prods., Inc.*, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) (finding defendant did not target residents of California

- 5 -

where company advertised in motorcycle magazines that are nationally distributed); *cf. Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020–21 (9th Cir. 2002) (finding purposeful direction where defendant engaged in a targeted marketing campaign, through advertisements placed in local Nevada media and radio spots in Las Vegas).

Moreover, the parties agree that 183 Arizona subscribers received the Dynamic Chiropractic emails containing Defendants' advertisements. (Doc. 16 & Ex. F, Doc. 20). An email from Dynamic Chiropractic, provided by Plaintiff, shows that the company's listserv, as of July 2010, had 14,325 subscribers. Thus, only approximately one percent of all Dynamic Chiropractic subscribers are based in Arizona. With so few of the recipients of Dynamic Chiropractic's emails located in Arizona and no evidence of any other contacts between Defendants and Arizona residents, there is no reason to conclude that Defendants purposefully directed their efforts at Arizona residents. Beyond the emails, Plaintiff's only evidence consists of declarations made by several Arizona chiropractors, stating that they perceived Defendants' advertisements as demonstrating an intent to cultivate a market in Arizona. However, those advertisements that were included in the listserv emails were focused solely on Defendants' May 2010 seminar in Philadelphia, and the declarants' perception of those emails does not actually demonstrate intentional targeting by Defendants. Plaintiff otherwise has failed to allege or present any evidence suggesting that Defendants advertised in any local Arizona publications, entered into any contracts with Arizona residents, earned any income from Arizona, or engaged in any business with Arizona residents.

Plaintiff relies, to some extent, on *Panavision*, 141 F.3d. at 1316, to argue that it has met the "effects test" standard. (Doc. 16). Plaintiff quotes the following from *Panavision*: "[The defendant's] registration of [plaintiff's] trademarks as his own domain names on the Internet had the effect of injuring [plaintiff] in California. But for [defendant's] conduct, this injury would not have occurred."(Doc. 16 (quoting 141 F.3d at 1322)). Plaintiff asserts that the facts of the present case are similar in that "Defendants' use of Plaintiff's trademarks in its internet and direct emails [sic] advertisements had the effect of injuring Plaintiff in

- 6 -

1   Arizona. But for Defendants' conduct (emails/advertisements), Plaintiff's injuries would not
2   have occurred." (Doc. 16). Thus, in light of *Panavision*, Plaintiff asserts that it has
3   established the three prongs of the "effects test."

4   The conclusion Plaintiff cited from *Panavision* comes from the "arising out of"
5   section of that Court's analysis, not the "effects test" analysis. The Ninth Circuit made clear
6   in its discussion about purposeful direction that "simply registering someone else's trademark
7   as a domain name and posting a web site on the Internet is not sufficient to subject a party
8   domiciled in one state to jurisdiction in another." 141 F.3d at 1322. What established
9   purposeful direction was the fact that the defendant had "engaged in a scheme to register
10  [plaintiff's] trademarks as his domain names for the purpose of extorting money from
11  [plaintiff, a company with a principal place of business in California]." *Id.* Thus, plaintiff,
12  arguing that the district court in California had personal jurisdiction over defendant, had met
13  the purposeful direction requirement necessary to establish specific jurisdiction. Here,
14  Plaintiff has not alleged any similar direct conduct by Defendants, and thus, any reliance on
15  *Panavision* for this point is misplaced.

16  Plaintiff also seems to argue that emails sent to subscribers in other states, as well as
17  Defendants' May 2010 seminar in Philadelphia and contract with Dynamic Chiropractic, a
18  California-based company, creates specific jurisdiction in Arizona. (Doc. 16). The "effects
19  test" requires that Defendants' conduct be expressly aimed at the forum state–Arizona–and
20  therefore, those contacts that Defendants may have with other states in no way assist Plaintiff
21  in establishing jurisdiction in Arizona.

22  Because Plaintiff has not met its burden of establishing that Defendants'
23  advertisements were expressly aimed at Arizona residents, the Court need not consider the
24  other elements of the "effects test."

25      **b.**    **Rule 4(k)(2)**

26  Rule 4(k)(2) may permit a court to exercise personal jurisdiction when "a federal
27  claim is made against a defendant not subject to the jurisdiction of any single state." *Doe v.*
28  *Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting the Advisory Committee notes of

the 1993 Amendments to FED. R. CIV. P. 4). Referred to as the federal long-arm statute, Rule 4(k)(2) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

*Pebble Beach*, 453 F.3d at 1158–59 & n.3. To exercise jurisdiction under this rule, Plaintiff must establish three factors: (1) that the claim arises under federal law; (2) that defendant is not subject to personal jurisdiction of any state court of general jurisdiction; and (3) that the court's exercise of jurisdiction comports with due process. *Id.* at 1159.

The first factor is satisfied because Plaintiff asserts several claims under the Lanham Act. Defendants have not identified any other forum states in which they are subject to personal jurisdiction, and therefore the second element is met. *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (holding that a "'defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed,'" and failure to do so entitles the federal court to use Rule 4(k)(2) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001))). Defendants contend that the third requirement cannot be met. (Doc. 20).

Plaintiff must show that the exercise of personal jurisdiction comports with due process. "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [Defendants] and the forum state, we consider contacts with the nation as a whole." *Holland*, 485 F.3d at 462. Plaintiff does not explain how Defendants' contacts with the United States satisfy the *Calder* "effects test," *see Pebble Beach*, 453 F.3d at 1159, but rather simply contends that the following facts support Rule 4(k)(2) jurisdiction: (1) Defendants' "interactive website"; (2) advertisements in Dynamic Chiropractic; and the May 2010 seminar in Philadelphia. (Doc. 16).

Although Plaintiff suggests that courts frequently determine that the rule confers jurisdiction, the Ninth Circuit has emphasized the fact that since Rule 4(k)(2) was enacted,

- 8 -

that court has never had a case in which the facts have supported jurisdiction under the rule and the "few cases" in which other circuits "have concluded that Rule 4(k)(2) conferred jurisdiction have involved defendants with much more extensive contacts to this country." *Holland*, 485 F.3d at 462. In *Holland*, the court described defendants' contacts as "scant, fleeting, and attenuated." *Id.* Defendants had no offices, employees or other business connections in the United States. *Id.* The website was not targeted to the United States. *Id.* One defendant in *Holland* had participated in one event, a presentation at a leadership forum in Miami, Florida. *Id.* Another defendant allegedly conducted some marketing, made occasional visits to cruise ships and advertised in various marine publications, contacts that the Ninth Circuit described as "hardly constitut[ing] significant contacts." *Id.*

As Defendants note, the contacts highlighted by Plaintiff in this case are quite similar to those considered insufficient to support Rule 4(k)(2) jurisdiction in *Holland*. Plaintiff has not asserted, and Defendants deny, that Kiro Kids has an office or any employees in the United States, or that the company has engaged in any business in this country other than the Philadelphia seminar. The Ninth Circuit made clear that holding one presentation, which could be described as an "isolated incident," does not confer jurisdiction. *Id.* Likewise, the Court was clear that mere advertisements in a trade journal are insufficient. In this case, the only advertisements provided by Plaintiff are those sent to Dynamic Chiropractic's subscribers in the United States and worldwide, announcing the May 2010 seminar. Finally, Plaintiff makes the unsupported assertion that Defendants have an "interactive" website. Defendants noted in their Motion to Dismiss, that the Kiro Kids website is not targeted at the United States and lists only an Australian mailing address and phone number. Plaintiff has not made any specific allegations or presented any evidence to support its assertion that Defendants' website targets the United States market in a way that would subject Defendants to jurisdiction in the United States. *See Rio Props.*, 284 F.3d at 1020 (noting that to establish specific jurisdiction based on internet contacts, plaintiff must still show that the "objectionable webpage" was aimed intentionally at the forum state). Accordingly, Plaintiff has not established that jurisdiction under the federal long-arm statute is proper.

## 2. **Jurisdictional Discovery**

Plaintiff requests jurisdictional discovery with regard to "Dynamic Chiropractic, the subject emails/advertisements by Defendants, the targeted chiropractors or Defendants' seminar." A district court's decision whether to permit jurisdictional discovery is a discretionary one. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "'Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). "'[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery.'" *Pebble Beach Co.*, 453 F.3d at 1160 (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

The Court finds jurisdictional discovery unnecessary because Plaintiff's claim of personal jurisdiction over Defendants in Arizona is attenuated and Plaintiff has failed to demonstrate why the requested discovery would assist in establishing jurisdiction.[1] Plaintiff has not alleged any facts regarding Dynamic Chiropractic that would have any bearing on whether the Court may assert jurisdiction over Defendants. Plaintiff has presented examples of Defendants' emails and advertisements, (Doc. 16, Ex. A-E), and the Court has already determined that such contacts are insufficient to support jurisdiction. Plaintiff does not allege Defendants sent any emails directly from their email accounts to those of any chiropractors in Arizona or that they sent additional, more targeted emails, unrelated to the May 2010 Philadelphia seminar, to Arizona residents. In addition, Plaintiff has already presented evidence setting forth the number of subscribers, both in Arizona and worldwide, who received the email advertisements. (Doc. 16, Decl. & Ex. F). Any additional information

---

[1] Plaintiff does not appear to move for jurisdictional discovery for the purpose of establishing jurisdiction under Rule 4(k)(2), and therefore, the Court will not address that argument.

- 10 -

1 2 3 4 5 6 7 8 regarding which chiropractors may have received emails through Dynamic Chiropractic would be irrelevant. With regard to Defendants' seminar in Philadelphia, Plaintiff has not identified specific information or evidence that it would expect to obtain relevant to the issue of whether there is jurisdiction in Arizona over Defendants. The Court considers the fact that Defendants have denied, and Plaintiff has not otherwise contended, that Kiro Kids has any Arizona customers as a result of the seminar, or in general, has entered into any contracts with Arizona residents or made any sale or shipped any products to an Arizona address. *See Pebble Beach*, 453 F.3d at 1160.

9 10 11 12 13 14 15 16 17 18 19 20 Plaintiff's reliance on *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d. Cir. 2003), is misplaced. In that case, the record had indicated that there were other contacts, "which, if explored," might have provided the "something more" needed to bring the defendant within the court's jurisdiction. *Id.* at 456. That is not true in this case. Moreover, although the Third Circuit does state that courts should allow jurisdictional discovery unless the plaintiff's claims are "clearly frivolous," that court also requires a plaintiff to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite" contacts. *Id.* (internal quotation marks omitted). Plaintiff has not made any factual allegations with the requisite particularity. Therefore, the Court need not grant Plaintiff's request for jurisdictional discovery where the request appears to be "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020. Plaintiff's request is denied.

21 **3.    Change of Venue**

22 23 24 25 26 27 Plaintiff alternatively asks for a change of venue either to Pennsylvania or California pursuant to 28 U.S.C. § 1404(a). (Doc. 16, 21). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that the proposed forums are appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n.22 (9th Cir. 2000).

28 Plaintiff, as the moving party, has failed to meet its burden of demonstrating that

- 11 -

either Pennsylvania or California are appropriate forums for this case. After reiterating that Arizona is its choice forum, Plaintiff simply states that "by Defendants' own admission it conducted a seminar in Pennsylvania and hired an agent/contractor in California. Certainly, the venue of this matter should be changed to one of those other forums before it is dismissed." (Doc. 16). Identifying Defendants' contacts in those forums, which are quite limited, does not establish that either of those forums are appropriate. Therefore, Plaintiff's motion for change of venue is denied.

**IT IS THEREFORE ORDERED that:**

1. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13) is **GRANTED**.

2. Plaintiff's Cross-Motion for Jurisdictional Discovery (Doc. 16) is **DENIED**.

3. Plaintiff's Cross-Motion for Change of Venue (Doc. 16) is **DENIED**.

4. The Clerk of the Court is directed to terminate this action.

DATED this 31st day of January, 2011.

G. Murray Snow
United States District Judge